MELVIN R. POLING *v.* STATE OF INDIANA.

[No. 1-273A25. Filed May 3, 1973.]

*McNutt, Hurt & Blue,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,*

Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant (Poling) was convicted after a trial by court of driving a vehicle while under the influence of liquor and public intoxication. He was fined $100.00 and his license was suspended for one year on the first charge and he was fined $25.00 on the other.

Poling appeals the conviction of driving while under the influence of liquor, alleging, *inter alia,* insufficiency of the evidence and error in the action of the trial court in not staying the suspension of his driver's license, pending appeal.

The trial court refused to stay the license suspension pursuant to IC 1971, 9-2-1-5 (f) ; Ind. Ann. Stat. § 47-1048 (f) (Burns 1972 Supp.), which provides that the license suspension "shall stand pending appeal of such conviction."

Poling maintains that this statute is violative of due process and is therefore unconstitutional because it effectively punishes him before a final determination of the cause.

Appellant's contention must fail. As the court said in *State ex rel. Smith* v. *Delaware Cir. Ct.* (1952), 231 Ind. 173, 108 N.E.2d 58, "A license to operate a motor vehicle on the public highways is a privilege and not a property right." In the case at bar, we have the suspension of a privilege, not the denial of a right.

We therefore hold that the statute is not unconstitutional for two reasons. First, because it is a valid exercise of the State's police power, in the best interests of the health and welfare of its citizens. Second, because it does not deny defendant a property right, but merely revokes or suspends a privilege which the State may either grant or withhold, in the reasonable exercise of its police power.

As to the sufficiency of the evidence, it was the duty of the trial court to exclude every reasonable hypothesis except that of guilt, since the State's evidence, as to driving, was purely circumstantial.

The evidence showed that on June 29, 1972, James Lanham called the police to investigate a car sitting in the traveled portion of Jackson Street near its intersection with Grant Street, in Martinsville.

Lanham reported that the engine of the car was running, the lights were on and the sole occupant was leaning toward the center of the car from the driver's side, with his head against the dashboard. He could not identify the occupant and did not see him "drive the car."

Patrolman David Scaggs testified that he investigated the report and found Poling unconscious, behind the wheel of the car with the engine running and the lights on. Poling had regurgitated and the odor of alcohol was present in the car. Scaggs arrested Poling and took him to the jail where a "breathalyzer" test was run. Scaggs also stated he did not "see him driving at all".

State Trooper Gary Salsman testified that he administered the "breathalyzer" test to Poling and that he registered "Point two three percent blood alcohol." Salsman also did not "at anytime see the defendant in this case drive or operate the motor vehicle."

For his defense, Poling and his brother both testified that they had met at the above street corner, the brother had parked his car and that they had left in Poling's car, with the brother driving because Poling was tired. After drinking several beers in Bloomington and Martinsville they returned to the same intersection. The brother stopped Poling's car in the same position in which it was found at the time of arrest and left in his own car. He left Poling's car running with the lights on and Poling in it. The brother further testified that while they were together, Poling did not drive the car. Poling also testified that immediately after his brother left, he became sick, and that he did not drive the car.

Conviction under IC 1971, 9-4-1-54; Ind. Ann. Stat. § 47-2001 (Burns 1972 Supp.) requires proof of two

elements, (1) Driving a vehicle (2) while under the influence of intoxicating liquor.

Indiana imposes a criminal sanction for "driving" a vehicle while under the influence of liquor. Our statute does not contain the word "operating", as do the statutes of some other states.

Since these two key words have been interpreted in several jurisdictions and since Indiana's statute was recently revised, we must presume the Legislature used the word "drive" intentionally.

In those jurisdictions where the word "drive" is used, it has been interpreted as requiring the vehicle to be in motion, not merely standing still with the engine running. "Operate", on the other hand, has been defined more broadly to include merely controlling the vehicle.

In view of the above, we must conclude that the Indiana statute prohibits a defendant from "driving" a vehicle in the common meaning of the word, i.e., to cause the vehicle to be in motion. See Black's Law Dictionary, 4th Ed. Rev.

Poling questions the sufficiency of the evidence to support a finding that he did in fact "drive" his car. He argues, that at best, the State proved only that he was sitting in his car drunk, with the engine running and the lights on.

We agree. In every criminal prosecution, each element of the crime must be proven beyond a reasonable doubt. Here there is insufficient evidence to prove beyond a reasonable doubt that Poling drove the car at the time and place in question. In fact, each of the state's witnesses testified that he did not see Poling drive the car.

"Mere suspicion of guilt or opportunity to commit the crime are insufficient to support a conviction." *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N.E.2d 658 and *Baker* v. *State* (1956), 236 Ind. 55, 138 N.E.2d 641.

In the case at bar, there was no proof beyond a reasonable

doubt that defendant drove his car. Therefore, the conviction was not supported by sufficient evidence on each element and must fail.

Judgment reversed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 295 N.E.2d 635.