KENNETH L. BOWLIN *v.* STATE OF INDIANA.

[No. 3-574A80. Filed July 8, 1975. Rehearing denied September 5, 1975.]

*M. Robert Benson, Arthur G. Surguine, Jr., Torborg, Miller, Moss, Harris and Sowers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *G. Philip Duckwall,* Deputy Attorney General, for appellee.

GARRARD, J.—This is an appeal from the trial court's determination in a proceeding to suspend defendant Bowlin's driver's license for his refusal to take a test for intoxication pursuant to the Indiana implied consent statute, IC 1971, 9-4-4.5.

Bowlin asserts three errors: (a) That the test was not offered prior to his arrest; (b) that the arresting officer lacked probable cause; and (c) that the officer did not deliver Bowlin's driver's license to the judge as required by the statute. We find no reversible error.

The implied consent statute provides in part:

"Any law enforcement officer authorized to enforce the laws of this state regulating the use and operation of vehicles on public highways who has probable cause to believe that any person has committed the offense of driving or being in actual physical control of a vehicle while under

the influence, in his presence or view, . . . shall not place such person under arrest for such offense until he has first offered to such person the opportunity to submit to a chemical test for intoxication . . ." IC 1971, 9-4-4.5-3.

This same section of the statute, under subparagraph (d), further provides that if a person refuses to submit to such chemical test, he may be arrested and his current driving license shall be delivered to the judge of the court in which such charge is filed, along with a certification of refusal to submit to the chemical test.

IC 1971, 9-4-4.5-4 then provides that when a certification of refusal to submit to a chemical test is submitted to the court, the court shall hold a separate hearing to determine (a) whether the law enforcement officer had probable cause to believe that the accused had committed the offense; (b) whether the law enforcement officer offered the opportunity to the accused to submit to a chemical test before placing the accused under arrest; and (c) whether the accused in fact refused to submit to a chemical test.

IC 1971, 9-4-4.5-2 (b) defines probable cause for purposes of the implied consent statute as meaning the same as the term "reasonable grounds", i.e., facts and circumstances known to the officer which would warrant a prudent officer to believe that the offense in question had been committed. Cf., *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133.

There was a conflict in the evidence as to when Bowlin was first offered the opportunity for a chemical test. However, the arresting officer testified that in his initial contact with Bowlin, and before arresting him, he offered Bowlin the test and advised him that if he refused to submit to a test, his driver's license might be suspended for a year. He stated that Bowlin responded, "I don't have any license to lose, so why should I take the test?".

This was sufficient evidence to enable the court to determine that Bowlin had been offered the test before being placed under arrest.

When the officer first saw Bowlin he had already been given a description of the car and its license number.

The car was pulled into the median strip on a four-lane highway. The ignition was on. The engine was dieseling and steaming. Bowlin was the only occupant and was seated in the driver's seat. He appeared to be asleep with an open bottle of beer between his legs. On the seat beside him was an open eight pack. There were four empty beer bottles on the floor and five more in the back seat on the floor. Bowlin smelled of alcohol and when the officer roused him, he was unable to stand without support.

The statute requires a determination of whether the officer had probable cause to believe Bowlin had committed the offense.

Bowlin points to the holding in *Poling* v. *State* (1973), 156 Ind. App. 145, 295 N.E.2d 635, where the court held that a conviction for driving under the influence would not be sustained without some evidence that the defendant actually drove the vehicle.[1]

Here the facts known to and observed by the officer were sufficient for a prudent man to believe that Bowlin had been driving under the influence. Whether the evidence obtainable would ultimately support a conviction was not the issue. There was probable cause.

Finally, it is urged that the failure to deliver Bowlin's license to the court along with the certification of his refusal to take the test precludes the court from acting. The statute is directory in this regard, and the inability of an arresting officer to secure the defendant's driver's license does not preclude proceeding under the act.

---

1. In *Poling* the court stressed the fact that our statute referred merely to "driving" as opposed to those statutes which proscribe "driving or operating". The latter statutes have been construed to include merely having the vehicle under one's control. Our statute, IC 1971, 9-4-1-54(b) was amended effective February 21, 1974 (after Bowlin's arrest) to prohibit operating or driving while under the influence.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 330 N.E.2d 353.