JOHN W. DUNHAM *v.* STATE OF INDIANA

[No. 2-477A122. Filed April 24, 1978.]

---

*Samuel H. Power*, of Frankfort, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, C.J.—Defendant-Appellant, John W. Dunham (Dunham), appeals from a judgment that he refused to submit to a chemical test for intoxication under the Implied Consent Statute[1] and recommending that his driver's license be suspended for one year, claiming non-compliance with statutory requirements and trial court error in the admission in evidence of State's Exhibit No. 2.

We affirm.

## FACTS

The evidence most favorable to the State reveals:

On March 13, 1976, Policeman Wells (Wells) was forced to drive his patrol car off a public roadway in Clinton County to avoid collision with a vehicle driven by Dunham. Wells then pursued Dunham, signaling him to stop by use of a siren, red flashing light, and spotlight. As no response was forthcoming, Wells pulled alongside Dunham's vehicle and used the loud speaker to order him to pull over.

When Dunham emerged from his vehicle, Wells noted that he smelled of alcohol, his speech was slurred, and his gait was unsteady. These observations were confirmed by Officer Edgar, a passenger in Wells' patrol car. Wells asked Dunham if he would submit to a "breath test," advising him that refusal to submit could result in suspension of his driver's license for one year. Dunham consented and was transported

---

1. IND. CODE 9-4-4.5-4.

to the Clinton County jail, the nearest location for administration of the test.

Upon arrival at the jail, Wells read a written form to Dunham stating he had probable cause to believe Dunham was driving under the influence of intoxicating liquor, and that if he refused to submit to a breath test his driver's license could be suspended for one year.

After looking the form over, Dunham not only refused to submit to the breath test, but also refused to sign the document indicating his refusal. He was then arrested for driving under the influence.[2]

Wells subsequently completed a Certification of Breath Test Refusal[3] and delivered it to the judge of the Clinton County Court as required by statute.[4]

At a hearing on the matter of test refusal,[5] the State offered the Certification of Breath Test Refusal into evidence as State's Exhibit No. 2, and Dunham objected on the basis that the document stated a legal conclusion. The trial judge overruled the objection and the exhibit was admitted.

At the close of the State's evidence, Dunham made a motion for judg-

---

2. IND. CODE 9-4-4.5-3.
3. The Certification of Breath Test Refusal reads as follows:

On March 13, 1976, at 12:28 A.M., at the Clinton County Jail I had probable cause to believe that the accused John W. Dunham had driven a vehicle while under the influence of intoxicating liquor. After determining that I had probable cause, but before placing the accused under arrest, I advised the accused as follows:

I have probable cause to believe that you have driven a vehicle while under the influence of intoxicating liquor. Before I can place you under arrest, I must offer you a breath test for intoxication to be given by a qualified chemical test operator. If you refuse to submit to the test, your license to drive in Indiana may be suspended for one (1) year. Will you submit to a breath test for intoxication?

After offering the breath test to the accused, as indicated above, the accused refuse to submit to a breath test for intoxication, and I placed the accused under arrest for the offense of driving while under the influence of intoxicating liquor.

In my opinion, the accused's refusal was made willfully and knowingly.

4. IND. CODE 9-4-4.5-3.
5. IND. CODE 9-4-4.5-4 reads in pertinent part:

When a certification of refusal to submit to a chemical test is submitted to the court it shall hold a separate hearing on the matter of the test refusal . . . .

ment on the evidence, which the trial judge granted. Thereafter, the State filed a Motion to Correct Errors, which was sustained thus overruling the earlier judgment on the evidence.

An additional hearing was held and Dunham tendered a second motion for judgment on the evidence which the trial judge denied. The trial court then entered a finding of refusal to submit to a chemical test for intoxication[6] and Dunham filed a petition to stay which the trial court granted pending Dunham's timely prosecution of this appeal.

## ISSUES

The issues may be consolidated into two questions:

1. Did Wells (the police officer) comply with the statutory requirements of IND. CODE 9-4-4.5-3 in offering a "breath test" to Dunham?

2. Did the trial court commit reversible error in admitting State's Exhibition No. 2 (Certification of Breath Test Refusal) into evidence?

*PARTIES' CONTENTIONS* — As to Issue One Dunham contends Wells' initial offer to submit to a "breath test" was defective because IND. CODE 9-4-4.5-3 requires the law enforcement officer to offer a "chemical test" for intoxication. Further, he alleges the second offer, made at the Clinton County jail, was not timely and, therefore, no action should be taken under the Implied Consent Statute. The State responds that Wells' offer of a "breath test" was sufficient and, alternatively, that the second offer was made prior to Dunham's arrest and, therefore, complied with the Implied Consent Statute.

---

6. IND. CODE 9-4-4-.5-4.

No issue has been raised by the parties as to the finality of the trial court's finding, i.e., that it is not an appealable judgment. We consider it to be a final appealable judgment.

An appealable final judgment is defined in *Hansbrough v. Indiana Revenue Board* (1975), 164 Ind. App. 56, 326 N.E.2d 599 (quoting *Krick v. Farmers & Merchants Bank of Boswell* (1972), 151 Ind.App. 7, 279 N.E.2d 254).

*See also Seaney v. Ayres* (1958), 238 Ind. 493, 151 N.E.2d 295; *Schenkel et al v. Citizens State Bank* (1967), 140 Ind. App. 558, 224 N.E.2d 319. An appealable final judgment has been described as one which disposes of all the issues, leaving no further question for future determination. *Thompson v. Thompson* (1972), 259 Ind. 266, 286 N.E.2d 657; *State ex rel. Neal v. Hamilton Circuit Court* (1966), 248 Ind. 130, 224 N.E.2d 55.

As to Issue Two, Dunham maintains the trial court erred in the admission in evidence of State's Exhibit No. 2 (Certification of Breath Test Refusal) because it contained a legal conclusion. The State counters that Exhibit No. 2 represented Wells' opinion as to Dunham's intoxication and, alternatively, that the Implied Consent Statute requires such a Certification.

## I. *STATUTORY COMPLIANCE*

*CONCLUSION* — The requirements set forth in IND. CODE 9-4-4.5-3 were met when Wells offered Dunham the opportunity to submit to a "breath test."

Dunham faces the plain and unambiguous terms of Indiana's Implied Consent Statute. IND. CODE 9-4-4.5-3 provides in part:

> Any law enforcement officer authorized to enforce the laws of this state regulating the use and operation of vehicles on public highways who has probable cause to believe that any person has committed the offense of driving . . . while under the influence, . . . shall not place such person under arrest for such offense until he has first offered to such person the opportunity to submit to a chemical test . . . . Any such person who agrees to submit to a chemical test for intoxication shall not be arrested for driving while under the influence, but shall accompany the officer to the nearest available chemical test device for the purpose of taking such test as a condition of the driving privilege. . . .
>
> (d) If any person shall refuse to submit to such chemical test, pursuant to the terms of this chapter [9-4-4.5-1 — 9-4-4.5-6], he may be arrested and charged with such offense, and his current driving license shall be delivered to the judge of the court in which such charge is filed, along with a certification of refusal to submit to chemical test on a form designed and furnished by the commissioner of motor vehicles. . . .

This statute further provides that when a Certification of Refusal is delivered to the judge, the court shall hold a separate hearing on the matter of test refusal.[7] The court then must determine, *inter alia*, whether the law enforcement officer offered the accused a chemical test for intoxication prior to his arrest for driving under the influence.

---

7. IND. CODE 9-4-4.5-4.

The definitional portion of the statute defines chemical test as the analysis of "the *breath,* blood, urine or other bodily substance for the determination of the presence of alcohol or drugs."[8] (emphasis supplied)

The Implied Consent Statute is barren of any requirement that the law enforcement officer must use the words "chemical test" as such.

The uncontradicted fact is that Wells offered Dunham a "breath test" when Dunham was stopped . . . and at the Clinton County jail all as contemplated by the statute. And one of the chemical tests defined and specifically listed is a breath test. IND. CODE 9-4-4.5-2.

Such an interpretation gives effect to the clearly stated legislative intent. *Pryor v. State* (1973), 260 Ind. 408, 296 N.E.2d 125; *Gray v. Dobbs House, Inc.* (1976), 171 Ind. App. 444, 357 N.E.2d 900; *Indiana State Board of Tax Commissioners v. Holthouse Realty Corp.* (1976), 170 Ind. App. 232, 352 N.E.2d 535; *Rose v. State* (1976), 168 Ind. App. 674, 345 N.E.2d 257.

## II. *ADMISSIBILITY*

*CONCLUSION* — The trial court did not commit reversible errror in the admission in evidence of State's Exhibit No. 2, the Certification of Breath Test Refusal.

Again the Implied Consent Statute is a beacon of legislative light. IND. CODE 9-4-4.5-3(d) provides:

> If any person shall refuse to submit to such chemical test, pursuant to the terms of this chapter [9-4-4.5-1 — 9-4-4.5-6], he may be arrested and charged with such offense, and his current driving license shall be delivered to the judge of the court in which such charge is filed, *along with a certification of refusal to submit to chemical test* on a form designed and furnished by the commissioner of motor vehicles. (emphasis added)

In addition, IND. CODE 9-4-4.5-4(b) permits the judge to consider written statements of a law enforcement officer which appear on the Certification of Refusal along with other relevant evidence in the determination of whether the law enforcement officer offered the accused a chemical test for intoxication prior to his arrest for driving under the influence.

---

8. IND. CODE 9-4-4.5-2.

Accordingly, it was required by the statute that the Certification (Exhibit No. 2) be filed with the judge prior to the hearing and that he consider it. So no error could have been committed in receiving Exhibit No. 2 into evidence.

Affirmed.

Sullivan, J. concurs with separate opinion.

Lowdermilk, J. (by designation) concurs.

## CONCURRING

SULLIVAN, J.—I do not dispute the substantive discussions and conclusions reached by the majority but I am able to concur in them and in the result of this case only because in *Bowlin v. State* (1975), 164 Ind. App. 693, 330 N.E.2d 353 the merits of an appeal were reached under seemingly identical circumstances.[1]

Notwithstanding this fact, I harbor doubt as to the appealability of the *finding* and *recommendation* made below and therefore as to our jurisdiction. It would seem to me that such finding and recommendation lack the finality required for appealability.[2] See *Hansbrough v. Indiana Revenue Board* (1975), 164 Ind. App. 56, 326 N.E.2d 599 at 603 (Sullivan, P.J. concurring). At best, it seems that the ruling of the court below is in the nature of an unappealable interlocutory order. See *State ex rel. Root v. Circuit Court of Allen County* (1972), 259 Ind. 500, 289 N.E.2d 503.

NOTE—Reported at 375 N.E.2d 245.

---

1. The question of finality or appealability was not argued to the court in *Bowlin*.

2. My view is not altered by the fact that if the trial court finds (a) that the officer had probable cause to believe the defendant was driving while under the influence, (b) that the officer offered defendant an opportunity to submit to a chemical test, and (c) that defendant willfully, knowingly or because of an intoxicated state refused such test, the court is *required* to recommend a one year license suspension and the Commissioner of Motor Vehicles is *required* to comply with the recommendation. IC 9-4-4.5-4 (Burns Code Ed. Supp. 1977).