STATE of Indiana, Appellant (Plaintiff Below),

v.

David E. CARTER, Appellee (Defendant Below).

No. 1–381A88.

Court of Appeals of Indiana, First District.

Aug. 6, 1981.

Rehearing Denied Sept. 11, 1981.

---

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellant.

Robert F. Hellmann, Jessie A. Cook, Terre Haute, for appellee.

ROBERTSON, Judge.

The State of Indiana (State) appeals the dismissal of two of three counts of an information filed against David E. Carter (Carter). In the first count, the State charged Carter with operation of a vehicle while intoxicated and in the third count, the State sought to raise the offense from a misdemeanor to a felony because Carter had a previous conviction. The second count was not dismissed.

We reverse and remand.

Carter moved to dismiss the charge of operating while intoxicated, *Ind.Code* 9–4–1–54(b)(1), because the underlying probable cause affidavit failed to allege that Carter operated his vehicle on a public highway. Carter claims, and the State does not contest this fact, that he was in a private parking lot and not on a public highway. The State argues that the information is not defective because IC 9–4–1–54 does not require proof of operation of a vehicle upon a public highway.

Carter bases his argument on the intent of *Ind.Code* 9–4–1–1, *et seq.*, the Uniform Act Regulating Traffic on Highways. He contends that the purpose of the Act is to regulate the traffic on highways and not to regulate traffic on private property. Carter supports his contention with *Rose v. State*, (1976) 168 Ind.App. 674, 345 N.E.2d 257. Carter also points out that the definition of highway contained in *Ind.Code* 9–4–1–14 does not include private parking lots. Although Carter's support is well founded, we cannot accept his contention that IC 9–4–1–54 requires proof of operation on a public highway because of amendments to this statute.

Count one of the information charged Carter with violating IC 9–4–1–54(b)(1). This section provides:

A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and a Class D felony if the person convicted has a previous conviction under this section.

This section differs from the statute in effect at the time of *Rose v. State, supra.* The previous section provided:

[A]ny person who operates or drives a vehicle *upon any highway* while under the influence of intoxicating liquor or unlawfully under the influence of narcotic or other habit forming or dangerous, depressant or stimulant drugs shall be guilty of a misdemeanor and upon first conviction shall be imprisoned for not less than five [5] days nor more than six [6] months, or punished by a fine of not less than twenty-five dollars [$25.00] nor more than five hundred dollars [$500], or by both fine and imprisonment; and the court shall recommend the suspension of the current driving license of the person so convicted for a determinate period of not less than two [2] months nor more than one year. (Emphasis added.)

Ind.Code (1971) 9–4–1–54(b)(2). The deletion of the language "upon any highway" is significant. When construing statute, it is our duty to effectuate the clear and manifest meaning of the language used. *State ex rel. Bynum v. LaPorte Superior Court No. 1*, (1973) 259 Ind. 647, 291 N.E.2d 355.

■ The current version of IC 9–4–1–54(b)(1) contains no language requiring proof of operation on a public highway. We can only construe this deletion as being the recognition by the legislature of the need to protect the public from the dangers of intoxicated operators of motor vehicles on private property. The danger of intoxicated drivers in private areas, such as shopping centers or entertainment complexes, is certainly significant and subject to protective legislation. This interpretation is supported by *Ind.Code* 9–4–1–22, which provides:

> The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways, including streets or roads of a residential subdivision, regardless of who maintains them, except:
>
> > (1) Where a different place is specifically referred to in a given section.
> > (2) The provisions of IC 9–4–1–40 through IC 9–4–1–56 [9–4–1–40 through 9–4–1–54] shall apply upon highways and elsewhere throughout the state.

Subsection two specifically provides that certain sections, including IC 9–4–1–54, apply to highways and elsewhere throughout the State. We can only conclude that "elsewhere" encompasses private property as well as public property. *See, State v. Budden*, (1979) 226 Kan. 150, 595 P.2d 1138; *People v. Stansberry*, (1966) 242 Cal.App.2d 199, 51 Cal.Rptr. 403. If we were to adopt the interpretation that Carter suggests, we would have to ignore the words "and elsewhere" contained in IC 9–4–1–22. When construing statutes, a court must give effect to every word and clause if possible. *Foremost Life Ins. v. Department of Ins.*, (1979) Ind.App., 395 N.E.2d 418. Moreover, this interpretation is consistent with *Young*

*v. State*, (1974) 161 Ind.App. 532, 316 N.E.2d 435, which found that the reckless homicide provision of *Ind.Code* (1971) 9–4–1–54(a) did not require proof of operation on a public highway. We therefore hold that the trial court erred by dismissing this count.

■ Carter has cited *Rose v. State, supra*, as authority for his argument. In *Rose*, the statute required proof of operation on a highway and is distinguishable. Carter argues the State's interpretation will be unconstitutional because it will violate Article 4, § 19 of the Indiana Constitution. This section governs the subject matter of Acts and provides that all acts shall be limited to one subject and matters properly connected thereto except for codification, revision, or rearrangement of laws. Carter contends that the State's interpretation will result in IC 9–4–1–54(b) regulating two subject matters: traffic on public highways and traffic on private property. Carter argues that the intent of the Act is limited to regulating traffic on highways. The title of the Act, Acts of 1939, C. 48, p. 289, provides:

> "AN ACT regulating traffic on highways *and defining certain crimes in the use and operation of vehicles*, providing for traffic signs and signals and defining the power of local authorities to enact or enforce ordinances, rules, or regulations in regard to matters embraced within the provisions of this act and to provide for the enforcement of this act and to make uniform the law relating to the subject matter of this act, and repealing all laws and parts of laws in conflict therewith." (Emphasis added.)

After examining this language, we believe that the regulation of the use and operation of vehicles is properly connected to the regulating of traffic and IC 9–4–1–54(b)(1) is constitutional.

■ The third count of the information was dismissed by the trial court. In this count, the State attempted to raise the status of the offense from a Class A misdemeanor to a Class D felony because of a prior conviction. In 1975, Carter was convicted of Driving Under the Influence in

violation of IC 9–4–1–54(a)(1). The statutory amendment in 1978, expanded and clearly defined the meaning of intoxicated in subsection (a). That statute previously required proof that the driver was under the influence of intoxicating liquor or drugs. Whereas the current legislation requires the State to demonstrate "an impaired condition of thought and action and a loss of normal control of one's faculties to such an extent as to endanger any person." Carter argues that the State must present evidence that he has a prior conviction under the amended section, IC 9–4–1–54(b)(1), and not IC 9–4–1–54(a)(1).

We believe that the language of IC 9–4–1–54(b)(1) clearly governs this issue. The language provides that the offense is "a Class D felony if the person convicted has a previous conviction under this section". The word section obviously refers to IC 9–4–1–54. Our supreme court, in *Hall v. State*, (1980) Ind., 405 N.E.2d 530, found the use of prior convictions with recidivist statutes does not violate double jeopardy, ex post facto, and due process provisions. The court held that recidivist statutes only impose sanctions on future crimes and their purpose is to penalize more severely those persons whose prior convictions have failed to deter them from committing subsequent crimes. IC 9–4–1–54 attempts to deter future violations by increasing the penalty for a second conviction. We remain unconvinced that Carter should not be subject to a harsher penalty if he sustains a second conviction. It is certainly the intent of the legislature to treat repeat offenders more severely, and to establish a deterent to future crimes.

The trial court erred in dismissing these two counts of the complaint.

The judgment is reversed and remanded for further proceedings consistent with this opinion.

NEAL, P. J., and RATLIFF, J., concur.