Terry A. HIEGEL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 02A03–8810–CR–314.

Court of Appeals of Indiana, Third District.

May 22, 1989.

Gregory L. Fumarolo, Hamilton & Fumarolo, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant appeals a trial court conviction of operation of a vehicle while intoxicated.

The facts relevant to this appeal reveal that on April 1, 1988 at approximately 10:10 P.M., a police officer found Hiegel in his car which was parked in the parking lot of a tavern. The lights of the vehicle were on and the engine was running as was the vehicle's heater. The vehicle was in "park" and although Hiegel was found on the driver's side of the vehicle, he was asleep with the seat reclined to an almost supine position. Additionally, the defendant's trousers were down around his knees and the driver's door was open. The breathalizer test result was .14%.

The first issue raised by appellant is dispositive of this appeal: whether there is sufficient evidence to support the judgment that he "operated" a vehicle.

It is well settled that a court reviewing the sufficiency of the evidence will neither weigh evidence nor judge the credibility of witnesses and will look only to the evidence most favorable to the State to determine whether the crime was proven beyond a reasonable doubt. *Young v. State* (1986), Ind., 493 N.E.2d 455. If there is substantial evidence of probative value to support the trial court's finding, the reviewing court will uphold that finding. *Stockey v. State* (1987), Ind., 508 N.E.2d 793, 794.

The statute here involved is IND.CODE § 9–11–2–2 (1988 Ed.) which reads:

"A person who operates a vehicle while intoxicated commits a Class A misdemeanor."

The definition of "operates," in pertinent part, reads as follows:

"every person, ... who drives, or is in actual physical control of, a motor vehicle upon a public highway...."
IND.CODE § 9–1–1–2(z) (1988 Ed.).

The State cites three cases in support of its argument that Hiegel was "operating" his motor vehicle. In *State v. Carter* (1981), Ind.App., 424 N.E.2d 158, the court ruled that the statute prohibiting operating a vehicle while intoxicated applied to not only operation of a vehicle while intoxicated upon a public highway, but also prohibits operation of a vehicle while intoxicated on private property. This Court does not disagree with the *Carter* holding.

Neither of the two remaining cases have fact situations similar to this case. In *Huey v. State* (1987), Ind.App., 503 N.E.2d 623 and *Garland v. State* (1983), Ind.App., 452 N.E.2d 1021, the drivers were found awake when police arrived at the scene and there was strong corroborating evidence that both had been driving while intoxicated since the vehicles in question could not have reached their locations without some form of operation.

The following Indiana cases have certain facts common to this case in that defen-

dants were found asleep in their vehicles. Each defendant's conviction was upheld on appeal. However, each case is distinguishable since there are strong inferences that the defendants had been driving while intoxicated.

In *Bowlin v. State* (1975), 164 Ind.App. 693, 330 N.E.2d 353, the defendant was found asleep behind the steering wheel of a vehicle with its lights on and engine running in the median strip of a four-lane highway. The officer believed defendant was intoxicated but defendant refused to take a breathalizer test. The court held that

"the facts known to and observed by the officer were sufficient for a prudent man to believe that Bowlin had been driving under the influence."

*Bowlin, supra,* 330 N.E.2d at 355.

In *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257, the issue was whether there was sufficient evidence to support Rose's conviction of operating a vehicle while intoxicated beyond a reasonable doubt. Police found Rose asleep behind the steering wheel of his car. The engine was running and the lights were on, and the car was stopped at an intersection where a car would ordinarily stop for a stop sign. Defendant had a blood alcohol level of .14%.

In both of the above cases, additional circumstances were present that would show the person had in fact operated the vehicle. These inferences support a conviction beyond a reasonable doubt.

The court in *Poling v. State* (1973), 156 Ind.App. 145, 295 N.E.2d 635, defined "driving" and "operating."

"In those jurisdictions where the word 'drive' is used, it has been interpreted as requiring the vehicle to be in motion, not merely standing still with the engine running. 'Operate,' on the other hand, has been defined more broadly to include merely controlling the vehicle."

*Poling, supra,* 295 N.E.2d at 637.

The *Rose* court further stated that statutory language proscribing the operation of a motor vehicle while intoxicated has been construed by the courts of other states to include the conduct of an intoxicated individual being in physical control of a vehicle while it is in operation.

Recently in *Johnson v. State* (1988), Ind. App., 518 N.E.2d 1127, 1128, the court held that to "operate" does not mean to merely "exert control over a vehicle."

"In normal usage, 'operate' means to perform a function, or operation, or produce an effect.' BLACK'S LAW DICTIONARY 1984 (rev. 5th ed. 1979); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1580–81 (G. & C. Merriam 1981) ('2a: to cause to function usually by direct personal effort; work [operate] a car ...'). Therefore, the word 'operate' requires effort, the doing of something, by the operator."

*Johnson, supra,* 518 N.E.2d at 1128.

There are other jurisdictions which have decided cases with similar facts and issues as presented here. Annot., 93 ALR3d 7, § 9[a] and [b] (1979). In *Wells v. Commonwealth* (1986), Ky.App., 709 S.W.2d 847, the defendant was found asleep in the driver's seat of the vehicle in a parking lot outside an inn. The engine was running, the transmission was in neutral, and the emergency brake was engaged. The breathalizer test result was .17%. The Kentucky statutes applied were virtually identical to Indiana's. The court reversed defendant's conviction for operating a motor vehicle under the influence of alcohol.

The court found a number of factors that could be used to determine whether a person operated or was in actual physical control of a motor vehicle including:

"(1) whether or not the person in the vehicle was asleep or awake; (2) whether or not the motor was running; (3) the location of the vehicle and all of the circumstances bearing on how the vehicle arrived at that location; and (4) the intent of the person behind the wheel."

*See* Annot., 93 A.L.R.3d 7 (1979);

*Wells, supra,* 709 S.W.2d at 849.

The court in *Wells* found no evidence that defendant had driven or otherwise operated the vehicle, while intoxicated, to its location. The defendant was asleep and it

was not shown that defendant planned to operate the vehicle. The fact that defendant merely started the engine was not held to be an exercise of actual physical control. The court observed that in similar cases where the defendant was found guilty of operating a vehicle while intoxicated, there was an inference that the defendant had driven the vehicle.

Showing that the defendant merely started the engine of the vehicle is not sufficient evidence to sustain a conviction for operating a vehicle while intoxicated. There must be some direct or circumstantial evidence to show that defendant operated the vehicle. There is no inference present in this case that Hiegel operated his vehicle while intoxicated. Thus, the State has not satisfied the burden of proving the defendant guilty beyond a reasonable doubt of operating his vehicle while intoxicated.

Reversed.

GARRARD, P.J., concurs.

STATON, J., concurs with opinion.

STATON, Judge, concurring.

I concur. The most critical evidentiary bridge that the State must cross is the defendant's intent to operate a motor vehicle in a state of intoxication. What was the defendant's state of mind while in the motor vehicle in a position to operate the vehicle? There are several means of crossing this evidentiary bridge. One is circumstantial evidence, another is inferences from other evidence, and, of course, admissions made by the defendant. But, the bridge must be crossed to reach a finding of guilty. If a defendant leaves an establishment where he has consumed alcoholic beverages to excess and feels that he should not proceed to endanger the life and property of others by operating his motor vehicle, he should be commended for using good judgment. If the only evidence is that he was sitting in a reclining position behind the wheel of his vehicle with the motor running perhaps to keep warm while the effects of alcohol subsided, this would not support a finding of guilty beyond a reasonable doubt. The rationale in *Wells*

*v. Commonwealth* (1986), Ky.App., 709 S.W.2d 847 should be used in all cases where the intent to operate is not absolutely clear.