## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2015, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lisa Jacksen,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 24, 2015

Court of Appeals Case No.
49A05-1409-CR-406

Appeal from the Marion County
Superior Court Criminal Division 10
The Honorable Linda Brown, Judge
Cause No. 49F10-1308-CM-054456

**Friedlander, Judge.**

[1] Lisa Jacksen appeals following her conviction of class C misdemeanor Operating a Vehicle While Intoxicated (OVWI).[1] Jacksen presents a single issue for our review: Did the State present sufficient evidence to support her conviction?

[2] We affirm.

[3] At about 4:20 a.m. on August 18, 2013, Officer Todd Wellman of the Indianapolis Metropolitan Police Department (IMPD) was dispatched to conduct a welfare check on the driver of a vehicle parked at a gas station. When Officer Wellman arrived, he discovered Jacksen asleep in the driver's seat of the car with her seat belt on and the engine running. Officer Wellman attempted to wake Jacksen but was unsuccessful, so he went inside the gas station while waiting for a backup officer to arrive. The gas station attendant, who had originally called the police about the car, told Officer Wellman that the car had been in the parking lot for about forty-five minutes and that he had not observed anyone coming or going from the car during that time.

[4] Officer Wellman went back outside and continued to try to wake Jacksen, and was eventually able to do so by slapping the roof of the car. Jacksen's eyes were bloodshot and glassy, and she was slow to react to Officer Wellman and had difficulty rolling down her window. While speaking to Jacksen, Officer

---

[1] Ind. Code Ann. § 9-30-5-2 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015).

Wellman began to notice the odor of an alcoholic beverage on Jacksen's breath. Shortly thereafter, IMPD Officer Klinton Streeter arrived on the scene and took over the investigation. Officer Streeter also noticed that Jacksen had glassy, bloodshot eyes and the odor of an alcoholic beverage on her breath. Officer Streeter administered three field sobriety tests, all of which Jacksen failed. At that point, Officer Streeter read Jacksen her *Miranda* rights and the Indiana implied consent law. Jacksen told Officer Streeter that she had been drinking at a friend's house and was on her way home when she stopped at the gas station. Jacksen consented to a chemical test, and she was transported to an Indiana State Police Post. A breath test conducted at 5:11 a.m. indicated an alcohol concentration equivalent of 0.14 grams of alcohol per 210 liters of breath.

[5]     As a result of these events, the State charged Jacksen with class C misdemeanor OVWI and class C misdemeanor operating a vehicle with an alcohol concentration equivalent between 0.08 and 0.15. A two-day bench trial was conducted on April 28 and August 5, 2014, at the conclusion of which the trial court found Jacksen guilty as charged. The trial court merged the operating a vehicle with an alcohol concentration equivalent between .08 and .15 count into the OVWI conviction. Jacksen now appeals.

[6]     Jacksen argues that the State presented insufficient evidence to support her conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Thang v. State*, 10 N.E.3d 1256 (Ind. 2014). We consider only "the evidence supporting the judgment and any reasonable inferences that can be drawn from

such evidence." *Id.* at 1258 (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). We will affirm a conviction "if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Id.* A finding of guilt may be based upon an inference that is reasonably drawn from the evidence. All inferences are viewed in a light most favorable to the conviction. *Bailey v. State*, 979 N.E.2d 133 (Ind. 2012).

[7] To convict Jacksen of class C misdemeanor OVWI, the State was required to prove that Jacksen operated a vehicle while intoxicated. I.C. § 9-30-5-2. Jacksen first argues that the evidence was insufficient to establish that she operated the vehicle, analogizing the circumstances of this case to those in *Hiegel v. State*, 538 N.E.2d 265 (Ind. Ct. app. 1989), *trans. denied*, in which a conviction for OVWI was reversed where the defendant was discovered sleeping in his running car in the parking lot of a tavern. Jacksen's argument in this regard is without merit. On the night of her arrest, Jacksen told Officer Streeter that she had driven from a friend's house. At trial, Jacksen changed her story and claimed she had been at a bar in Broad Ripple, but she still admitted that she had driven to the gas station. Jacksen's admissions in this regard were sufficient to establish that she operated the vehicle.

[8] Jacksen next argues that the evidence was insufficient to establish that she was in an intoxicated state at the time she operated the vehicle. Her argument in this regard is premised on I.C. § 9-30-6-15 (West, Westlaw current with all

legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015), which provides in relevant part as follows:

> If, in a prosecution for an offense under IC 9-30-5, evidence establishes that:
>
> (1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and
>
> (2) the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:
>
>> (A) one hundred (100) milliliters of the person's blood at the time the test sample was taken; or
>>
>> (B) two hundred ten (210) liters of the person's breath;
>
> the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the person's blood or per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, this presumption is rebuttable.

I.C. § 9-30-6-2 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015) provides that "[a] test administered under this chapter must be administered within three (3) hours after the law enforcement officer had probable cause to believe the person committed an offense under IC 9-30-5 or a violation under IC 9-30-15." *See Mordacq v. State*, 585 N.E.2d 22, 26 (Ind. Ct. App. 1992) (holding that "the three-hour limit expressed in I.C. 9-30-6-2(c) begins not from the moment an officer ideates probable cause, but rather from the moment at which the vehicle was operated in violation of I.C. 9-30-5").

[9] According to Jacksen, the State is not entitled to rely on the presumption set forth in I.C. § 9-30-6-15 because it failed to prove that the chemical test was performed within three hours of the time she operated the vehicle. As an initial matter, we note that Jacksen was convicted under I.C. § 9-30-5-2, which does not require evidence of the defendant's alcohol concentration equivalent. *See Pickens v. State*, 751 N.E.2d 331, 335 (Ind. Ct. App. 2001) (explaining that the defendant's "intoxication could be established by a showing of impairment, as under Ind. Code § 9-30-5-2, there is no statutory requirement of proof of a particular blood alcohol content above which a person is intoxicated"). Although Jacksen was also charged under I.C. § 9-30-5-1 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015), which required the State to prove that she had an alcohol concentration equivalent between 0.08 and 0.15 grams of alcohol per 210 liters of breath, that count was merged into her conviction under I.C. § 9-30-5-2.

[10] To the extent Jacksen argues that the presumption set forth in I.C. § 9-30-6-15 is nevertheless relevant because the State relied upon the chemical test results as evidence of her intoxication, we conclude that the evidence favorable to the conviction establishes that the chemical test was, in fact, conducted within the three-hour time frame set forth in I.C. § 9-30-6-2. In support of her argument, Jacksen relies solely on her own trial testimony. Specifically, Jacksen testified that after having a total of three drinks at two separate bars in Broad Ripple, she left and began driving home at around 11:30 or midnight. Jacksen stated that

along the way, her GPS began to malfunction and she started feeling sick to her stomach, so she pulled over into the gas station parking lot, where she fell asleep. According to Jackson, because the breath test was conducted at 5:11 a.m., it fell outside the three-hour window from the time she last operated the vehicle.

[11] Jacksen's testimony in this regard, however, is in direct conflict with other evidence presented at trial. Officer Streeter testified that Jacksen told him that she had been drinking at a friend's house rather than a bar in Broad Ripple. Moreover, Officer Wellman was dispatched to the gas station at approximately 4:20 a.m., and he arrived within five to eight minutes of the dispatch. When Officer Wellman spoke with the gas station attendant, who had called police concerning the vehicle, the attendant told him that the vehicle had been parked there for approximately forty-five minutes. Thus, the evidence most favorable to the conviction establishes that Jacksen arrived at the gas station after 3 a.m., which means that the chemical breath test conducted at 5:11 a.m. fell well within the three-hour time frame set forth in I.C. § 9-30-6-2. Jacksen's argument to the contrary is nothing more than a request to reweigh the evidence and consider evidence unfavorable to the judgment.

[12] Moreover, even in the absence of a statutory presumption, the evidence was plainly sufficient to establish that Jacksen was intoxicated at the time she operated the vehicle. "Evidence of the following can establish impairment: (1) the consumption of significant amounts of alcohol; (2) impaired attention and reflexes; (3) watery or bloodshot eyes; (4) the odor of alcohol on the breath; (5)

unsteady balance; (6) failure of field sobriety tests; and (7) slurred speech."

*Pickens v. State*, 751 N.E.2d at 335.

[13] Jacksen does not appear to dispute that she was intoxicated at the time she encountered police at the gas station, and for good reason. Officers Wellman and Streeter both testified that she had glassy, bloodshot eyes and the odor of an alcoholic beverage on her breath. Officer Wellman testified that she was difficult to awaken, slow to react, and had difficulty rolling down her window. Moreover, Jacksen failed all three field sobriety tests Officer Streeter performed, and she admitted to Officer Streeter that she had been drinking at a friend's house. Although Jacksen's story changed somewhat at trial, she still admitted to having three drinks before driving to the gas station. Even without considering the chemical test results, this evidence was more than sufficient to establish that Jacksen was intoxicated at the time she encountered police. To the extent Jacksen implies that she could have become intoxicated during the period that elapsed between the time she ceased to operate the vehicle by parking at the gas station and the moment she encountered police, this possibility is foreclosed by her own testimony. At trial, when asked whether she had consumed any alcohol between the time she arrived at the gas station and the time she encountered police, Jacksen responded "No, absolutely not." *Transcript* at 67. Under these circumstances, it was reasonable to infer that Jacksen was intoxicated at the time she operated the vehicle.

[14] Judgment affirmed.

Baker, J., and Najam, J., concur.