## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 25 2020, 10:36 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kevin McShane<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Tiffany A. McCoy<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen Hahn,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 25, 2020<br><br>Court of Appeals Case No.<br>19A-CR-1749<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy Jones, Judge<br><br>The Honorable David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G08-1706-CM-24224 |

**Sharpnack, Senior Judge.**

# Statement of the Case

[1] Stephen Hahn appeals his conviction by jury of operating a vehicle while intoxicated in a manner endangering a person, a Class A misdemeanor.[1] We affirm.

# Issue

[2] Hahn raises one issue, which we restate as: whether there is sufficient evidence to sustain his conviction.

# Facts and Procedural History

[3] On June 30, 2017, at 2:53 a.m., an unidentified person called 911 to report an unconscious person sitting in a car in a restaurant parking lot. The caller told the dispatcher that the person was sitting in the driver's seat, with the engine running.

[4] Officer (later Detective) Jeremy Mackey of the Indianapolis Metropolitan Police Department ("IMPD") was dispatched with another officer to the restaurant. He saw a car sitting in the parking lot; it was not in a space but rather sat near an exit to a street. If the car had rolled forward, it would have exited the lot and entered the street. Other vehicles entering or exiting the lot at that spot would have had to drive around the car.

---

[1] Ind. Code § 9-30-5-2 (2001).

[5] Mackey noted that the car was running, with the brake lights on and the windows down. When he looked into the car, Mackey saw a person, later identified as Hahn, unconscious in the driver's seat. Hahn's foot was on the brake. He had food and vomit on his shirt, and Mackey smelled alcohol on his person.

[6] Another officer turned off the car while Mackey awakened Hahn. Hahn exited the car upon Mackey's order. Hahn's balance was unsteady, and he grabbed the car's frame as he pulled himself upright.

[7] Meanwhile, IMPD Officer Adam Jones arrived. After conferring with the other officers, he approached Hahn, who was leaning on his car. Jones saw food on the front of Hahn's shirt and smelled the odor of alcohol on his person. As he talked with Hahn, Jones noted that Hahn had "glassy blood shot eyes" and slurred speech. Tr. p. 62.

[8] Jones administered the horizontal gaze nystagmus test to Hahn. During the test, Hahn displayed several indicators consistent with intoxication. Jones decided not to perform other tests on Hahn's balance because Hahn stated that he had bad knees.

[9] Next, Jones asked Hahn to submit to a blood draw, and Hahn agreed. As Jones drove Hahn to a hospital for the blood draw, Jones informed Hahn of his *Miranda* rights. During their subsequent conversation, Hahn admitted that he had been drinking that evening, that he "felt intoxicated," and he "probably shouldn't have been driving a car . . . ." *Id.* at 68.

Hahn submitted to a blood draw. Subsequent laboratory testing revealed that Hahn's blood sample had an ethyl alcohol concentration of 0.124 to 0.149 percent.

On June 30, 2017, the State charged Hahn with operating a vehicle while intoxicated in a manner endangering a person, a Class A misdemeanor; and operating a vehicle with an ACE of .15 or more, a Class A misdemeanor. The State later amended the second charge to operating a vehicle with an ACE of .08 or more, a Class C misdemeanor.

On October 17, 2017, Hahn filed a request for a jury trial. The trial court presided over a jury trial on April 22, 2019. The jury determined Hahn was guilty as charged. During the May 20, 2019 sentencing hearing, the trial court vacated the guilty verdict of operating a vehicle with an ACE of .08 or more, a Class C misdemeanor, determining that it merged with the conviction of operating a vehicle while intoxicated in a manner endangering a person. Next, the Court imposed a sentence.

Hahn filed a motion to correct error, and the State filed a response. The trial court denied the motion, and this appeal followed.

# Discussion and Decision

Hahn argues the State failed to present sufficient evidence to sustain his conviction for operating a vehicle while intoxicated in a manner endangering a

person.[2] He claims the evidence shows only that he was parked in a lot when the officers arrived.

[15] The standard of review for assessing the sufficiency of the evidence is well established:

> In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt.

*Love v. State*, 761 N.E.2d 806, 810 (Ind. 2002) (citations omitted).

[16] To obtain a conviction as charged, the State was required to prove beyond a reasonable doubt that: (1) Hahn; (2) operated a vehicle; (3) while intoxicated; (4) in a manner that endangered a person. Ind. Code § 9-30-5-2. The parties' dispute focuses on whether the State demonstrated that Hahn had "operated" the vehicle in which he was found. The Indiana General Assembly has defined "operate" as "to navigate or otherwise be in actual physical control of a vehicle, motorboat, off-road vehicle, or snowmobile." Ind. Code § 9-13-2-117.5 (2016).

---

[2] Hahn also challenges the sufficiency of the evidence supporting the charge of operating a vehicle with an ACE of .08 or more. The trial court vacated the jury's verdict as to that charge, so Hahn's claim is moot.

[17]     In determining whether a defendant was in "actual physical control" of a vehicle, a panel of this Court has noted the following factors are relevant: "(1) the location of the vehicle when discovered; (2) whether the vehicle was in motion when discovered; and (3) additional evidence that defendant was observed operating the vehicle before he or she was discovered." *West v. State*, 22 N.E.3d 872, 876 (Ind. Ct. App. 2014), *trans. denied*. "Any evidence that leads to a reasonable inference should be considered." *Hampton v. State*, 681 N.E.2d 250, 251-52 (Ind. Ct. App. 1997).

[18]     In *Hampton*, officers found Hampton asleep in the driver's seat of his vehicle, which was sitting partially on a road and partially in a yard. The engine was running, the vehicle's lights were on, and it was in gear. The Court concluded the evidence was sufficient to establish beyond a reasonable doubt that Hampton had operated the vehicle.

[19]     Next, in *Custer v. State*, 637 N.E.2d 187, 189 (Ind. Ct. App. 1994), an officer found Custer asleep in the driver's seat in his car, which was parked along the side of the road. The engine was running. In addition, the officer had received a report that the vehicle had been seen traveling on the road near the location of the encounter. This evidence was deemed sufficient to establish that Custer had operated the car while intoxicated.

[20]     Finally, in *Bowlin v. State*, 164 Ind. App. 693, 695, 330 N.E.2d 353, 355 (1975), an officer found Bowlin asleep in the driver's seat of his car, which was sitting in the median strip of a four-lane highway. The engine was running. The

Court determined there was sufficient evidence that Bowlin had operated the vehicle.

[21] By contrast, in *Clark v. State*, 611 N.E.2d 181, 181 (Ind. Ct. App. 1993)*, trans. denied*, officers found Clark asleep in the driver's seat of his car, which was partially parked in a parking spot at an apartment complex. The engine was running and the lights were on. A panel of this Court determined the evidence was insufficient to demonstrate that Clark had operated the car.

[22] Similarly, in *Hiegel v. State*, 538 N.E.2d 265, 266 (Ind. Ct. App. 1989), *trans. denied*, officers found Hiegel asleep in the driver's seat of his car, which was parked in a tavern's parking lot. The engine was running, but the car was in park and the driver's side door was open. A panel of this Court concluded the State had failed to sufficiently demonstrate that Hiegel had driven the car.

[23] Finally, in *Corl v. State*, 544 N.E.2d 211, 212 (Ind. Ct. App. 1989), officers found Corl asleep in the driver's seat of his vehicle, which was parked in a parking lot next to a tavern. The engine and lights were on. A panel of this Court determined the evidence was insufficient to demonstrate Corl had operated the car prior to falling asleep.

[24] The facts of Hahn's case are more similar to the circumstances in *Hampton*, *Custer*, and *Bowlin* than the circumstances in *Clark*, *Hiegel* and *Corl*. Hahn agreed with Jones that he was intoxicated and "probably shouldn't have been driving a car," Tr. p. 68, which is direct proof that he had operated the car before the officers arrived.

In addition, although Hahn's car was in a parking lot, it was located near an exit, pointing toward the street and partially obstructing other vehicles. The car was not in a parking spot. Finally, the engine was running and Hahn's foot was on the brake. The car's location gives rise to a reasonable inference that Hahn had driven it to that spot, similar to the vehicles in *Hampton* (found partially in a road, partially in a yard) and *Bowlin* (found parked in a median). By contrast, in *Clark*, *Hiegel*, and *Corl*, the evidence could have indicated that the defendants had become intoxicated while in nearby buildings, entered their vehicles, and fallen asleep instead of driving away, thus failing to establish operation of the vehicles while intoxicated. In Hahn's case, the State presented sufficient evidence from which the finder of fact could conclude beyond a reasonable doubt that Hahn had operated his car before the police arrived.

## Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

May, J., and Crone, J., concur.