**Howard L. ELDRIDGE and Kevin D. Eldridge, Appellants,**

v.

**STATE of Indiana, Appellee.**

**No. 3–1179A330.**

Court of Appeals of Indiana, Third District.

July 16, 1980.

Barrie C. Tremper, Allen County Public Defender, Fort Wayne, for appellant Howard L. Eldridge.

Donald C. Swanson, Jr., Fort Wayne, for appellant Kevin D. Eldridge.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

On December 29, 1978 the defendants, Howard L. Eldridge and Kevin D. Eldridge, were arrested and charged with burglary. Following their convictions, this appeal was filed with separate briefs for each defendant.

Howard and Kevin Eldridge were convicted under IC 1971, 35–43–2–1 (Burns 1979 Repl.) which reads,

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person."

Because a .12 gauge sawed-off shotgun was used during the commission of the crime, both defendants were convicted of a class B felony.

Now, on appeal, Kevin Eldridge contends that the State failed to prove the necessary element of breaking. The undisputed facts reveal that at approximately 4:30 on the morning of December 29, 1978, the police received a call concerning a possible burglary in progress at the Calvary Chapel Church. Lieutenant Gigli responded to the call and drove to the church. He observed a broken window on the south side of the building and a dark colored vehicle backed up to the open rear door of the church. The trunk of the car was filled with property belonging to the church and the pastor. Kevin Eldridge was discovered hiding in a restroom in the church and Howard was

arrested on the front steps of the church after he broke out by crashing through a front window. Kevin now argues that the prosecution failed to prove a breaking in that no evidence was presented to show that, prior to this incident, the south side window was not broken and the rear door was closed.

On appeal, the reviewing court will consider the evidence most favorable to the State and the reasonable inferences to be drawn therefrom. As stated by the Indiana Supreme Court in *Lisenko; Stepien v. State* (1976), 265 Ind. 488, at 491, 355 N.E.2d 841, at 843:

"While the State must sustain its burden of proof on each element of an offense charged, some of these elements may be proven by circumstantial evidence and the logical inferences therefrom."

If the inferences drawn by the trial court are reasonable, logical and based on the evidence, this Court will not alter the decision.

"Where the evidence, either direct or circumstantial, is such that two inferences may reasonably be drawn therefrom, one of guilt and one of innocence, it is not within the province of this court to determine which inference should have controlled, that being exclusively for the trial court." *Kondrup v. State* (1968), 250 Ind. 320, at 324, 235 N.E.2d 703, at 705–706.

" 'Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding *whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court.*' " *Farno v. State* (1974), 159 Ind.App. 627, at 630, 308 N.E.2d 724, at 726.

In this case, the incident occurred on a cold December night at 4:30 in the morning. Valuable musical equipment was in the building and no one was present to either guard the equipment or use the building. It is entirely illogical to assume that the rear door was left standing wide open and a broken window was left uncovered. Considering the time, the winter weather conditions and the fact that equipment was inside the building, the trial court could reasonably infer that the rear door was closed and the window was not broken prior to this incident. Consequently, to enter the building, the defendants had to break the window and open the door. Therefore, reasonable inferences arising from the undisputed evidence lead to the finding that a breaking occurred.

The defendant Howard Eldridge assigns as error the finding that he committed a class B burglary while armed in that the State failed to prove his possession of a deadly weapon. The testimony at trial established that a shotgun was found inside the building, lying on the floor of the restroom in which Kevin Eldridge was hiding. Kevin later admitted having the gun but stated he did not own it. Howard Eldridge was apprehended outside the building. Property taken from the church was found in the trunk of Kevin's car and on Howard's person. Clearly, they were acting together and in concert for the commission of this crime. It is not necessary for the State to prove that Howard personally committed each and every act involved in the crime so long as he was acting in concert with his co-defendant. *Rickman v. State* (1974), 161 Ind.App. 54, 314 N.E.2d 108. When two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederate committed in furtherance of the common design. *Williams; Huntsman v. State* (1976), 265 Ind. 190, at 203, 352 N.E.2d 733, at 744. Although Howard was not actually carrying the gun, the evidence here is sufficient to support a conviction of burglary while armed.

The judgment is affirmed.

Affirmed.

BUCHANAN, C. J., participating by designation and STATON, J., concur.