**Charles GARLAND, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 3-283A30.**

Court of Appeals of Indiana, Third District.

Aug. 23, 1983.

Stuart W. Hyvonen, Rensselaer, for appellant.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Following a jury trial, Charles Garland was convicted of operating a vehicle while intoxicated.[1] He appeals, raising two issues:

---

1. IC 1976, 9-4-1-54 (Burns Code Ed., 1982    Supp.).

(1) Whether sitting, with the lights on and motor running, behind the steering wheel of an automobile which has been driven into a snowbank constitutes operating a vehicle; and

(2) If so, whether the evidence was sufficient to show that Garland was intoxicated at that time.

Affirmed.

On February 3, 1982, Trooper Michael Janiczak of the Indiana State Police observed Garland sitting behind the wheel of a car which had been driven into the snow on the median of I–65. The car lights were on and the motor was running. When Trooper Janiczak stopped to assist Garland, Garland told him that he had just run off the road. Janiczak radioed for a tow truck. While they were waiting for the truck, Janiczak noticed that Garland seemed incoherent and glassy-eyed, that his speech was slurred, that he smelled of alcohol, and that his balance was poor. When the truck arrived, Janiczak took Garland to the Jasper County Jail and administered three field tests for sobriety which Garland failed.

## I.

### Operating a Vehicle

IC 9–4–1–54 provides, in pertinent part:

"(a) As used in this section, 'intoxicated' means under the influence of: .

"(1) Alcohol;

(2) A controlled substance as defined by IC 35–48–1 [35–48–1–1]; or

(3) Any combination of alcohol and controlled substances;

such that there is an impaired condition of thought and action and the loss of normal control of one's faculties to such an extent as to endanger any person.

(b) A person who operates a vehicle while intoxicated commits a class A misdemeanor...."

Garland contends that, because his car was stuck in the snowbank he was not operating a vehicle at the time Trooper Janiczak arrived.

This Court examined the meaning of the word "operates" as employed in IC 9–4–1–54[2] in *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257. In *Rose,* the defendant was found asleep behind the steering wheel of a car stopped at an intersection with its lights on and its motor running. We concluded that Rose's conduct violated the statute because he was intoxicated and he was "in sole control of a vehicle which was in operation...." *Id.,* 168 Ind.App. at 679, 345 N.E.2d at 261. Like Rose, Garland was behind the steering wheel of a car with the lights on and the motor running. His argument that the car could not move in the snow does not negate the fact that he was in sole control of a vehicle in operation.

## II.

### Sufficiency

Garland also contends that the evidence is insufficient to show that he was intoxicated at the time he tried to move his car. We have determined that Garland was operating his vehicle at the time Trooper Janiczak saw him. Janiczak testified that, while they were waiting for the tow truck, Garland appeared to be glassy-eyed, confused, and incoherent. He stated that Garland smelled of alcohol and that his balance was poor. At the jail Garland failed three field tests for sobriety.

In reviewing the sufficiency of the evidence, this Court may consider only the evidence most favorable to the judgment and the reasonable inferences which may be drawn therefrom. Furthermore, we will not reweigh the evidence nor judge the credibility of witnesses. *Rose v. State, supra.* Trooper Janiczak's testimony is sufficient to support the conclusion that Garland was under the influence of alcohol to such an extent that his ability to think and act

**2.** IC 9–4–1–54 has subsequently been amended, but the present version retains the term "oper- ates."

was impaired. *See Boothe v. State* (1982), Ind.App., 439 N.E.2d 708, 712, (*trans. denied*). The record contains sufficient evidence to support Garland's conviction.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.