Dwight T. TRAXLER, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 43A03–8811–CR–355.

Court of Appeals of Indiana, Third District.

May 22, 1989.

Charles A. Davis, Jr., Nappanee, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Dwight T. Traxler appeals jury trial convictions of operating a vehicle with blood alcohol content of .10% or greater, a Class C misdemeanor, and operating while intoxicated, a Class A misdemeanor. IND. CODE §§ 9–11–2–1 and 2 (1988 Ed.). After a bifurcated jury trial, Traxler's conviction was enhanced to operating while intoxicated, a Class D felony. IND. CODE § 9–11–2–3 (1988 Ed.). The trial court sentenced Traxler to two years and suspended driving privileges for two years.

Traxler raises the following issues:

(1) whether there was sufficient evidence presented at trial to support the jury's verdict;

(2) whether the trial court erred in limiting cross-examination of the arresting officer; and

(3) whether the trial court subjected the defendant to multiple punishments for the same offense.

◼ In reviewing the sufficiency of the evidence to sustain a conviction, the reviewing court neither weighs the evidence nor judges credibility of witnesses. The reviewing court considers only the evidence favorable to the verdict, together with all reasonable inferences flowing therefrom, and if there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Collins v. State* (1986), Ind.App., 491 N.E.2d 1020, 1021.

◼ Whenever any driver of a motor vehicle has committed a traffic violation and the driver exhibits evidence of intoxication and has a blood alcohol content of .10% or more, such evidence will sustain a conviction for operating a motor vehicle while intoxicated. *Boyd v. State* (1988), Ind.App., 519 N.E.2d 182, 184–185.

In *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257, sufficient evidence supported a conviction of operating while intoxicated. In that case, police found the defendant asleep behind the steering wheel of a car stopped in an intersection with the engine running and the headlights on. The

defendant's blood alcohol content tested .14%.

In the present case, the facts indicate that on October 9, 1987 at 2:19 A.M., the arresting officer found Traxler asleep behind the steering wheel of a car stopped in a lane of traffic on a county road with the engine running and the headlights off. The arresting officer noticed that Traxler had a moderate odor of alcohol on his breath and bloodshot eyes. The arresting officer transported Traxler to the Kosciusko County jail. At 2:59 A.M., Traxler's blood alcohol content tested .11% on an Intoxilyzer 5000. The evidence was sufficient to support the jury's verdict.

Traxler next contends that the trial court erred in limiting cross-examination of the arresting officer.

Since a trial judge is in the best position to observe the trial proceeding, the trial judge should control the extent of cross-examination and accordingly will be reversed only on an abuse of discretion. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1075.

At trial, the State qualified the arresting officer as an expert witness for the limited purpose of testifying as to the operation and reading the results of the Intoxilyzer 5000. *See* IND. CODE § 9–11–4–5 (1988 Ed.). The trial court controlled the extent of cross-examination in the following exchange:

"Q. ... But you have no independent knowledge of the working of this Intoxilyzer 5000?

A. None.

Q. You have no knowledge of whether or not there is a margain [sic] of error in the machine, is that correct?

[STATE]: Your Honor, I would object as this question has now been asked and answered several times.

[DEFENSE]: Your Honor, again we're in cross examination and the credibility of the witness is certainly at issue.

Officer Curtis has given us very important responses at this time. We have no question that he is certified. We what [sic] to find out what his expertise is.

THE COURT: Well, I'm going to sustain the objection at this point. I think he has answered that question before. And I think the—his qualification was just for the limited purposes of operating the machine and reading the results. I think that's fairly clear, so I'll sustain the objection. Go ahead please."

The arresting officer testified that he had no knowledge of the workings of the Intoxilyzer 5000. The question of whether the officer had knowledge of the Intoxilyzer 5000's margin of error had been established by his answer to the previous question. Cumulative evidence goes to prove what has been established by other evidence. Admission of cumulative evidence is within the discretion of the trial court. *Davis v. State* (1983), Ind., 456 N.E.2d 405, 409. The trial court did not abuse its discretion in upholding the State's objection.

Traxler argues that the conviction for operating while intoxicated, a Class D felony, should be reversed because the underlying convictions for violations of IND. CODE §§ 9–11–2–1 and 2 were based on the same facts. A person who violates IND. CODE §§ 9–11–2–1 or 2 can have the sentence enhanced to a Class D felony if he has a previous conviction of operating while intoxicated within the preceding five years. IND. CODE § 9–11–2–3. A bifurcated jury trial convicted Traxler of violating IND. CODE § 9–11–2–3 and the trial court entered the enhanced Class D felony sentence. The trial court found that IND. CODE §§ 9–11–2–1 and 2 were lesser included offenses of IND. CODE § 9–11–2–3 and did not punish Traxler for the underlying convictions. Enhancing the grade of the offense did not subject Traxler to multiple punishment for the same act. The trial court did not err on this issue.

Affirmed.

STATON and ROBERTSON, JJ., concur.