**Timothy CORL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 50A04-8901-CR-23.**

Court of Appeals of Indiana,
Fourth District.

Oct. 5, 1989.

of cross-examination.

Peter L. Rockaway, Plymouth, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Defendant-appellant Timothy L. Corl was convicted in the Marshall Superior Court of operating a motor vehicle while intoxicated, as a Class D felony, in violation of IND. CODE § 9–11–2–3. He appeals his conviction claiming the evidence is insufficient to sustain his conviction.[1]

### FACTS

When reviewing a claim of insufficient evidence this court will not reweigh the evidence or judge the credibility of witnesses, and will consider only that evidence most favorable to the State to determine whether the crime was proven beyond a reasonable doubt. *Taylor v. State* (1987), Ind., 514 N.E.2d 290, 291; *Lilly v. State* (1987), Ind., 506 N.E.2d 23, 24; *Hiegel v.*

*State* (1989), Ind.App., 538 N.E.2d 265. If there is substantial evidence of probative value to support the trial court's judgment we will not disturb it. *Id.*

The facts established at trial are as follows: In the early morning hours of December 11, 1986 Officer Mark Beam of the Bremen Police Department received a radio dispatch that a subject was sleeping in a motor vehicle parked in a municipal parking lot adjacent to a tavern. At approximately 1:30 A.M. Officer Beam found Corl asleep in his motor vehicle with the bottom half of his body behind the steering wheel and the upper portion of his torso lying across the front seat. The lights of the vehicle were on and the engine was running. The car was parked in a city parking lot adjacent to a tavern in the town of Bremen, Indiana. At trial, Corl testified that after consuming alcoholic beverages at the tavern, he got into his car, started the engine and fell asleep while waiting for the vehicle to warm up. The owner of the tavern testified that Corl was in his establishment until around midnight. The results of a breathalyzer test revealed a blood alcohol content (BAC) of .16%.

### DECISION

On appeal Corl claims the evidence is insufficient to prove he "operated" his motor vehicle. As the facts of the present case are almost identical to this court's recent opinion in *Hiegel, supra,* we agree with Corl and reverse his conviction.

In *Heigel,* a defendant was found asleep behind the steering wheel of his car with the driver's seat reclined to an almost supine position. The car was parked in the parking lot of a tavern with the lights on and the engine running. A breathalyzer test indicated Hiegel's BAC was .14%. Hiegel was convicted of operating a motor vehicle while intoxicated and he appealed.

---

1. As a perfunctory matter we note Corl and the Marshall County prosecuting attorney attempted to present this cause on appeal by an "Agreed Statement of the Case" pursuant to our rule of procedure, Appellate Rule 7.3. However, the "Agreed Statement" was not properly certified by the clerk of the trial court as required by the rule. The State suggested in its brief that this court could not review the issue of sufficiency as Corl had failed to properly present the record on appeal. However, upon order and writ of certiorari, the clerk of the Marshall Superior Court has properly certified and transmitted the "Agreed Statement" to this court. Therefore, we will address Corl's appeal on the merits.

The only issue on appeal was whether Hiegel's conduct was sufficient evidence of "operating" within the meaning of I.C. § 9–11–2–2. This court reversed, finding the evidence insufficient to support Hiegel's conviction for "operating" a vehicle while intoxicated. In reaching this decision, the court noted that "operating" a motor vehicle means more than just exercising control over it. "The word 'operate' requires effort, the doing of something, by the operator". *Id.* at 267, quoting *Johnson v. State* (1988), Ind.App., 518 N.E.2d 1127, 1128. Since there was no inference nor other circumstance indicating Hiegel had operated the car, the court concluded:

> Showing that the defendant merely started the engine of the vehicle is not sufficient evidence to sustain a conviction for operating a vehicle while intoxicated. There must be some direct or circumstantial evidence to show that defendant had operated the vehicle. *Id.* at 268.

In reaching this decision the *Hiegel* court distinguished similar cases where defendants' convictions for operating a motor vehicle while intoxicated have been upheld on appeal, noting that in these cases, additional circumstances were present indicating the drivers had, in fact, driven their vehicles while intoxicated. *See Huey v. State* (1987), Ind.App., 503 N.E.2d 623; *Garland v. State* (1983), Ind.App., 452 N.E.2d 1021; *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257; *Bowlin v. State* (1975), 164 Ind.App. 693, 330 N.E.2d 353. *See also, Traxler v. State* (1989), Ind.App., 538 N.E.2d 268 (circumstantial evidence that defendant had driven his vehicle while intoxicated in arriving at the location where he was found by police).

Recapping the facts of the case before us, we note Corl was found asleep in his motor vehicle with the bottom half of his body behind the steering wheel and the upper portion of his torso lying across the front seat. The car was parked in a city parking lot adjacent to a tavern with the lights on and the engine running. Corl admitted that he had consumed alcoholic beverages while in the tavern and stated that he had fallen asleep while waiting for his vehicle to warm up. Here, there is no inference nor other circumstance indicating that Corl operated his vehicle. Under *Hiegel, supra,* the fact that Corl started the engine is insufficient evidence to sustain his conviction for operating a vehicle while intoxicated. Accordingly, we reverse Corl's conviction.

CHEZEM, P.J., concurs in result.

Conover, J., concurs.