Jerome L. TAYLOR, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49A04–9006–CR–266.

Court of Appeals of Indiana,
Fourth District.

Sept. 27, 1990.

Larry R. Champion, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Jerome L. Taylor, appeals from his conviction for Operating a Vehicle While Intoxicated, a class D felony. We affirm.

### Issue

Defendant presents one (1) issue for our review, which we restate as follows:

Whether there was sufficient evidence to prove that Defendant "operated" his motor vehicle in violation of Ind.Code 9–11–2–3.

## Facts and Procedural History

LaVerne Sanborn (Sanborn) is a police officer with the City of Indianapolis. On September 7, 1989, Sanborn was instructed by radio to investigate a property damage accident near 600 North Hamilton in Indianapolis. When she arrived at the scene, Sanborn saw a pickup truck at the intersection of an alley "rear ending" a parked car. Sanborn also observed the Defendant behind the wheel of the pickup "[s]upposedly passed out." As she explained at trial, she tried to wake him up at first, and when she turned her back she happened to notice him sitting up looking at her. Defendant then "pretended he was back asleep again."

With respect to the pickup truck, Sanborn noticed that the engine was not running, the lights and radio were not on, and the car keys were between Defendant's legs. Sanborn also noticed eight (8) unopened cans of beer sitting on the floor of the pickup.

Thereafter, Defendant began to argue with Sanborn. She was finally able to get him out of the pickup, and noticed a strong odor of alcohol on his breath and person. She also noticed that his eyes were bloodshot and glassy, and he was unable to stand on his own. While Defendant refused to take any alcohol tests, Sanborn's opinion was "[t]hat he was under the influence."

On September 13, 1989, the Marion County Prosecutor's Office filed an Information, which charged the Defendant with Operating a Vehicle While Intoxicated (a class D felony). Defendant was found guilty as charged at the conclusion of a bench trial on January 12, 1990.

## Discussion and Decision

Defendant claims that "there was insufficient evidence to prove that he 'operated' a motor vehicle to sustain his conviction of operating a vehicle while intoxicated." We disagree.

■ The law is well-established that a court reviewing the sufficiency of the evidence will neither reweigh the evidence nor judge the credibility of witnesses. We consider only the evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom, and if there is evidence of probative value to support the verdict, it will not be disturbed. *O'Connor v. State* (1988), Ind., 529 N.E.2d 331, 332; *Clark v. State* (1987), Ind.App., 512 N.E.2d 223, 227.

■ Defendant relies heavily on *Hiegel v. State* (1989), Ind.App., 538 N.E.2d 265, *trans. denied,* and *Corl v. State* (1989), Ind.App., 544 N.E.2d 211. In *Hiegel,* the issue was whether there was sufficient evidence of "operating" a vehicle to support the conviction. The defendant was found asleep behind the wheel of his car, which was parked in the parking lot of a tavern with its lights on and engine running. The results of a breathalyzer test indicated the defendant's blood alcohol content was .14%. The conviction was reversed on appeal because "[s]howing that the defendant merely started the engine of the vehicle is not sufficient evidence to sustain a conviction for operating a vehicle while intoxicated." 538 N.E.2d at 268. In addition, the court stated:

> There must be some direct or circumstantial evidence to show the defendant operated the vehicle. There is no inference present in this case that [the defendant] operated his vehicle while intoxicated. Thus, the State has not satisfied the burden of proving the defendant guilty beyond a reasonable doubt of operating his vehicle while intoxicated.

*Hiegel,* 538 N.E.2d at 268.

Similarly, the defendant in *Corl* was found asleep behind the wheel of his car, which was parked in a municipal parking lot adjacent to a tavern with its lights on and engine running. A breathalyzer test revealed a blood alcohol content of .16%. On appeal, the defendant claimed the evidence at trial was insufficient to prove that he "operated" his vehicle. This court reversed the conviction because "there [was] no inference nor other circumstance indicating that [the defendant] operated his vehicle." *Corl,* 544 N.E.2d at 213.

The facts of the present case distinguish it from *Hiegel* and *Corl.* Here, the police officer was called to the scene of an acci-

dent, and discovered the Defendant "supposedly passed out" behind the wheel of his pickup truck, which was on a public street (at the intersection with an alley) and "rear ending" a parked car. These facts support the inference that Defendant had recently "operated" his pickup while intoxicated, even though its lights were off and its engine was not running. Officer Sanborn clearly testified about Defendant's condition upon leaving the pickup—that he smelled of alcohol, his eyes were bloodshot and glassy, and he could not stand on his own. We hold the evidence sufficient.

Affirmed.

CONOVER and BUCHANAN, JJ., concur.