**Kevin CLARK, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9210–CR–361.**

Court of Appeals of Indiana,
Fifth District.

March 30, 1993.

Transfer Denied May 21, 1993

Kathleen Cord, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

Kevin Clark appeals his conviction of operating a vehicle while intoxicated. The sole issue on appeal is whether there is sufficient evidence that Wilson "operated" a vehicle. We conclude that the evidence is not sufficient and reverse.

## FACTS

At approximately 3:30 in the morning, Marion County Sheriff's Deputy Kevin Newman was dispatched to investigate a man sleeping in a car at the Port O' Call apartment complex. When Deputy Newman arrived, he observed a sleeping Clark sitting in the driver's seat and leaning toward the passenger door. The engine was running, the car lights were on, and the transmission was in "park." The car was sitting in a parking spot with the front end of the car in the roadway going through the apartment complex. After several attempts, Deputy Newman was able to rouse Clark.

## DISCUSSION

■ To sustain a conviction for operating while intoxicated, it is not sufficient for the State to show that the defendant merely started the engine. *Mordacq v. State* (1992), Ind.App., 585 N.E.2d 22, 24. There must be some evidence to show the defendant operated the vehicle. *Id.* Where the defendant has been found asleep with the engine running and the car is parked in a parking lot, this court has held that the evidence is not sufficient to show the de-

fendant has operated the vehicle. *See Id.; Corl v. State* (1989), Ind.App., 544 N.E.2d 211; *Hiegel v. State* (1989), Ind.App., 538 N.E.2d 265, *trans. denied.* To the contrary, where the defendant has been found asleep with the engine running and the car is sitting in a traffic lane or other travel portion of the roadway, this court has held that the evidence is sufficient to infer the defendant has operated the vehicle. *See Traxler v. State* (1989), Ind.App., 538 N.E.2d 268; *Rose v. State* (1976), 168 Ind. App. 674, 345 N.E.2d 257. Similarly, the facts were sufficient where the defendant was found in a car with the engine running and the car had been driven into a snowbank on the median of a highway. *Garland v. State* (1983), Ind.App., 452 N.E.2d 1021.

■ The State urges that this case is controlled by *Traxler, Rose* and *Garland* because the front end of Clark's car was protruding into the roadway. We do not agree. In essence, Clark's car was parked in a parking space, however inartfully. There are no facts from which the factfinder could infer that Clark operated the car while intoxicated. The facts here are much closer to those in *Mordacq, Corl* and *Hiegel.* Therefore we reverse Clark's conviction.

REVERSED.

ROBERTSON, J., concurs.

SHARPNACK, C.J., dissents with opinion.

SHARPNACK, Chief Judge, dissenting.

I respectfully dissent. This is a close case that rests near the line that divides those cases like *Hiegel v. State,* (1989), Ind.App., 538 N.E.2d 265; *Corl v. State* (1989), Ind.App., 544 N.E.2d 211; and *Mordacq v. State* (1992), Ind.App., 585 N.E.2d 22, which find the evidence insufficient to support a conviction for operating while intoxicated from those cases like *Bowlin v. State* (1975), 164 Ind.App. 693, 330 N.E.2d 353; *Rose v. State* (1976), 168 Ind.App. 674, 345 N.E.2d 257; *Garland v. State* (1983), Ind.App., 452 N.E.2d 1021; and *Traxler v.* *State* (1989), Ind.App., 538 N.E.2d 268, which find the evidence to be sufficient.

What divides these cases is that, in the cases which have sustained convictions, there is "some direct or circumstantial evidence to show that the defendant operated the vehicle." *Hiegel,* 538 N.E.2d at 268. As Judge Hoffman wrote in that case, "Showing that the defendant merely started the engine of the vehicle is not sufficient evidence to sustain a conviction for operating a vehicle while intoxicated." *Id.* The cases upholding the sufficiency of the evidence demonstrate that substantial evidence capable of supporting the inference that the defendant operated an automobile will suffice to support the conviction. Thus, in *Bowlin,* the defendant was found in his car with the lights on and the engine running in the median of a four-lane highway. In *Rose,* the defendant was found in his car stopped in a roadway at a stop sign. In *Garland,* the defendant was found in his car which had been driven into a snow bank in the median of an interstate highway. In *Traxler,* the defendant was found asleep in his car stopped in a traffic lane with the engine running and the lights on. In each of these cases the location of the automobile gave rise to the reasonable inference that the defendant had operated the automobile.

In contrast, in *Hiegel* and *Corl* the defendants were asleep in their cars with the engines running, but parked in parking lots. In *Mordacq,* the defendant was parked off of the travelled portion of a roadway. In these cases, the location of the vehicle did not give rise to the reasonable inference that the defendant had operated the vehicle.

As I noted earlier, the evidence in this case is close. In his brief, Clark contends that the position of the automobile—half in a parking slip and half in the travelled portion of a roadway—cannot support beyond a reasonable doubt the inference that he operated the automobile. This is an extension of his argument at trial, where he suggested that the position of the car merely raised the inference that the car had been poorly parked before he became

intoxicated and had not been operated after he became intoxicated. The trial court as trier of fact obviously rejected the argument at trial. It was within the court's prerogative to do so. When the trier of fact chooses among competing inferences, it is not the province of this court to second guess its choice. *Stallings v. State* (1970), 255 Ind. 365, 368, 264 N.E.2d 618, 620, *cert. denied*, 402 U.S. 997, 91 S.Ct. 2183, 29 L.Ed.2d 163; *Eldridge v. State* (1980), Ind. App., 406 N.E.2d 1264, 1266. If the inference chosen is reasonable and supported by the evidence, this court should not disturb the verdict or judgment of the finder of fact. *Eldridge*, 406 N.E.2d at 1266.

I find the position of the vehicle does give rise to a reasonable inference that Clark operated it after becoming intoxicated. One of the cases upon which Judge Hoffman relied in the *Hiegel* decision was *Wells v. Commonwealth* (1986), Ky.App., 709 S.W.2d 847. Judge Hoffman wrote that in *Wells*, which had facts closely resembling the *Hiegel* facts, the court:

"[F]ound no evidence that defendant had driven or otherwise operated the vehicle, while intoxicated, to its location. The defendant was asleep and it was not shown that defendant planned to operate the vehicle. The fact that defendant merely started the engine was not held to be an exercise of actual physical control. The court observed that in similar cases where the defendant was found guilty of operating a vehicle while intoxicated, there was an inference that the defendant had driven the vehicle."

538 N.E.2d at 267, 268.

In discussing those cases, the court in the *Wells* case said,

"In most other jurisdictions where a sleeping person behind the steering wheel of a motionless car was held to be operating the motor vehicle, additional circumstances have been present that would show the person had in fact operated the vehicle. For example, in *Jacobson v. State*, 551 P.2d 935 (Alaska, 1976), the defendant was intoxicated and was found asleep in his parked vehicle with the motor and heater running, but two wheels of the vehicle were situated on the highway and the other two were off the pavement. In *State v. Lariviere*, 2 Conn.Cir. 221, 197 A.2d 529 (1963), the defendant's car was found in a parking lot with its engine running and was obstructing traffic. *The vehicle was not in a parking slot and the defendant was asleep in the driver's seat. The vehicle had apparently rolled or was driven from a parking space.*"

709 S.W.2d 847 at 850 (emphasis added).

In this case the facts most favorable to the trial court's finding of guilt are to be drawn from the following testimony:

Q: [by the prosecutor] Can you tell us what drew your attention to Kevin E. Clark on that day?

A: Yes, a security officer who worked Port–O–Call, which is the apartment complex, came upon a vehicle partially in the roadway of the complex, haphazardly in a parking space with the vehicle running. The person apparently either passed out sleeping, was unresponsive behind the wheel. He tried to arouse him, he wasn't able to. I was summoned through our dispatch. Whenever I got to the scene I also tried to arouse the individual. He was behind the wheel slumped over. I tried from each side, both the driver's side and the passenger's side, pounding on the windows. I couldn't get his attention at all. He was leaning towards the passenger's side door. It looked like most of his weight was there so I went over to the passenger's side door, opened the door, again tried to shake the individual to wake him. He was still unresponsive so I went ahead and turned the ignition off and took the keys, then attempted once more to arouse him. He did start responding but it was still several minutes before he could communicate.

Q: Were the keys in the ignition?

A: Yes, they were.

Q: Were the doors closed to the vehicle?

A: Yes.

Q: Were the doors unlocked?

A: Yes.

Q: Were his lights on?

A: Yes.

Q: Now was it in ... Was he parked in a parking space?

A: He attempted to park in a parking space or it was ... The parking spaces were say here, the roadway here. He was halfway.

Q: For the record ... Right. For the record you're showing that the defendant's car was halfway in a parking space and halfway out?

A: In a roadway, right.

[Defense counsel]: Judge, I just have one objection to the officer's response there where he said "He attempted to park the car." There is no evidence that the officer saw him try and park the car. It is just that the car was in a haphazard ...

[The court]: Sustained.

Q: Officer, to clarify where was the car parked without giving any information about what was going on with the car? Just describe where the car was.

A: The car was partially in the roadway, partially in a parking space.

Q: And this roadway, was that Port Irving?

A: Port Irving, right.

Q: And is that inside an apartment complex?

A: Yes, it is.

\* \* \* \* \* \*

Q: [Cross-examination by defense counsel] When you got to the scene you have stated that the car was kind of in an [sic] out of a parking space?

A: Uh-huh. That's right.

Q: Do you mean it wasn't fully in-between the lines?

A: Right.

Q: Was it straddling two parking spaces or was it half in the space and half out? I mean, with the rear end pointed out into the traveling way?

A: In the front, it was back, attempted to be backed in. The nose was out in the roadway, the back end was partially in a line space.

Q: And the car was in gear or was it in Park?

A: No, it was in Park.

Q: It is an automatic?

A: Yes, it was.

(Record pp. 27–29, 32–33)

I find that this evidence provides the basis for an inference that the defendant had operated his vehicle. It was not "merely" parked in such a way and place that it would not be reasonable to infer that the defendant had been driving it prior to going to sleep. The front end of the car was sticking out of the parking space into the travelled way and it reasonably could be inferred that the defendant was either in the process of backing into the parking space or pulling out of it at the time he decided to call it "quits" and take a little rest. It might be that this evidence could support other reasonable inferences, but it was for the trial court, and not this court, to decide which inference was true in this case.

I would affirm.