**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOHNNY MOSBY, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1205-CR-403 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Teresa Hall, Commissioner
Cause No. 49F10-1012-CM-093628

**December 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Johnny Mosby ("Mosby") appeals his conviction for operating while intoxicated, a class A misdemeanor.[1]  We affirm.

ISSUE

Whether sufficient evidence supports Mosby's conviction.

FACTS

At approximately 2:00 a.m. on December 18, 2010, Todd McNeeley ("McNeeley") was driving eastbound with three passengers on Washington Street.  As he began driving through the intersection, McNeeley's vehicle struck the passenger side of a red Ford pickup truck that had run through a red light and was traveling the wrong way.

After checking on his passengers, McNeeley immediately exited his car and approached the pickup truck.  McNeeley became concerned that Mosby, the truck's driver, was trying to leave the scene because McNeeley heard Mosby attempting to restart the engine.  However, the passenger in the truck told McNeeley that they were not going anywhere.  As McNeeley approached the truck, Mosby fell out of the driver's side of the vehicle onto the ground, moved five to ten feet to the southeast corner of the intersection, and began to eat some snow that had accumulated on the ground.

Hearing the impact of the accident, Officer Alejandro Lastra ("Officer Lastra") of the Indianapolis Metropolitan Police Department responded to the scene.  When he

---

[1] Ind. Code § 9-30-5-2.

arrived, Officer Lastra saw Mosby kneeling down and eating snow on the driver's side of the truck; the truck's passenger was standing on the passenger side of the truck; and McNeeley was standing nearby. Mosby's balance was unsteady and Officer Lastra smelled the odor of "an alcoholic beverage." (Tr. 43). Sergeant Michael Duke ("Sgt. Duke") subsequently arrived and also observed Mosby's balance to be unsteady and that there was a "[s]trong odor of alcoholic beverage on his breath." (Tr. 55). As a result of his observations, Sgt. Duke administered the horizontal gaze nystagmus test, which Mosby failed.

After speaking with the passenger of the truck, Sgt. Duke allowed him to leave the scene. Sgt. Duke sought and was granted a search warrant allowing medical professionals to obtain a sample of Mosby's blood for testing. Mosby was then taken to Wishard Memorial Hospital where a blood sample was taken. Subsequent testing by the Indianapolis-Marion County Forensic Services Agency revealed an alcohol concentration of .26.

Later that afternoon, the State charged Mosby with Count I, operating while intoxicated as a class A misdemeanor, and Count II, public intoxication as a class B misdemeanor. Prior to trial, the State filed a motion requesting permission to amend the charging information. Its request was granted and the State added Count III, operating while intoxicated with an alcohol concentration greater than .15 as a class A misdemeanor.

Mosby's bench trial was held over two days, March 12 and April 23, 2012. Before the trial began, the State dismissed Count II, the public intoxication charge. On behalf of the State, McNeeley, Officer Lastra, and Sgt. Duke testified as to their recollection of events. Thereafter, Mosby's counsel called Terry Williams ("Williams") and Darryl Hughes ("Hughes"). Mosby also testified. The parties agreed that Mosby was intoxicated at the time of the accident. Therefore, the only issue was whether Mosby was operating the truck at the time of the accident.

After the State concluded its presentation of evidence, Williams and Hughes testified that they both observed Mosby at the Fountain Lounge, located at 816 West 30th Street, which is approximately 3.7 miles from the scene of the accident. Hughes recalled Mosby's arrival at the Lounge because Mosby had parked his red pickup truck on the sidewalk. Williams and Hughes recalled Mosby being with another man, later identified by Mosby as his cousin, Mitchell Cope ("Cope"). Williams remembered Mosby leaving at approximately midnight and falling face down into the snow. He also remembered helping Mosby into the passenger side of the truck, and Mosby's cousin then driving away. Hughes remembered Mosby leaving sometime before the Lounge closed at 3:00 a.m. Mosby recalled arriving at the Lounge, but he could not remember leaving the Lounge or the accident. Mosby also identified the wrecked truck depicted in Defendant's Exhibit B as his truck.

After hearing the evidence, the trial court found Mosby guilty of Counts I and III. The trial court immediately moved to sentencing. Merging Count III into Count I, the

trial court imposed a one year sentence, with 180 days executed on in-home detention and the remainder on formal probation. Mosby now appeals his conviction, challenging the sufficiency of the evidence.

DECISION

> When reviewing the sufficiency of the evidence to support a conviction, "appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict." It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it "most favorably to the trial court's ruling." Appellate courts affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." "[T]he evidence is sufficient if an inference may reasonably be drawn from it to support the verdict."

*Staten v. State*, 946 N.E.2d 80, 83 (Ind. Ct. App. 2011) (citations omitted) (emphasis in original), *trans. denied.*

In order to sustain a conviction under Indiana Code § 9-30-5-2, the State must prove beyond a reasonable doubt that (1) Mosby; (2) operated; (3) a vehicle; (4) while; (5) intoxicated; and (6) in a manner that endangered a person. Mosby asserts that there was insufficient evidence from which the trial court could infer that he was operating the truck while intoxicated at the time of the accident. We disagree.

In this case, while there was evidence suggesting that it *might* have been possible for someone else to have been operating the truck, there was evidence establishing Mosby was the driver. For example, McNeely stated that immediately after the accident,

he exited his vehicle and walked toward the pickup truck. It was then that McNeeley observed Mosby, who had just been heard trying to restart his truck, fall out of the driver's side of the truck. During the trial, McNeely also unequivocally identified Mosby as the same person he saw fall out of the driver's side of the truck. In addition, Officer Lastra arrived immediately after hearing the collision. Officer Lastra testified that when he arrived, Mosby was kneeling down on the driver's side of the truck eating snow, and the passenger was on the other side of the truck. Furthermore, Mosby identified the red pickup truck that was involved in the accident as belonging to him.

Mosby asks us to consider the possibility that the testimony from Williams and Hughes proved that Mosby could not have been driving that morning. However, as noted above, we cannot reweigh the evidence or assess witness credibility. *Staten*, 946 N.E.2d at 83. The trial court considered but rejected Mosby's version of events. Referring to Mosby's witnesses, the trial court stated:

> We have witnesses that testified that the defendant left around midnight, or at least prior to the bar closing. We don't have any clear cut idea or time frame. We know that the bar is located at 30[th] and Martin Luther King. That is approximately a 3.4 – I'm sorry, 3.7 miles from College and Washington. That's almost four miles. Anything could happen between there and the accident sight. Another bar could have been visited. Any stops at anyone's homes could be visited.
>
> The defendant can't give us any information because he doesn't remember any of it. He doesn't remember getting in the car. He doesn't – the truck; he doesn't remember the accident. He doesn't remember the blood test at Wishard. He just remembers waking up and being charged with driving while intoxicated. I believe, I mean we have a[n] eye witness that states that the defendant got out of the driver's seat, that he tried to start the car to leave. He got out of the driver seat. He fell down on the ground to the snow on the driver side.

6

(Tr. 101-102).

We conclude that there is ample evidence from which the trial court could have found beyond a reasonable doubt that it was Mosby who had "operated" the truck. *Clark v. State*, 611 N.E.2d 181 (Ind. Ct. App. 1993), *trans. denied.* The trial court was presented with direct evidence through McNeeley that Mosby was the operator, and this testimony was corroborated by Officer Lastra.

Affirmed.

ROBB, C.J., and MAY, J., concur.