## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 15 2018, 8:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wendell H. Lawson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 15, 2018

Court of Appeals Case No.
18A-CR-334

Appeal from the Marion Superior Court

The Honorable Jane Craney, Senior Judge

Trial Court Cause No.
49G06-1706-F5-24130

**Baker, Judge.**

[1] Wendell Lawson appeals his conviction for Level 5 Felony Operating a Motor Vehicle with Driving Privileges Forfeited for Life,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On June 29, 2017, emergency medical technicians, firefighters, and law enforcement officials responded to a dispatch regarding a vehicle stopped in the roadway on 18th Street in Indianapolis with a possibly unconscious male driver. Officials arrived to find a person, later identified as Lawson, in the driver's seat of a vehicle that was stopped in the middle of the eastbound lane, with part of the vehicle sticking into a nearby parking lot. The vehicle's engine was running and no one else was inside. One of the firemen turned the ignition off and left the keys in the ignition. After being roused by officials, Lawson informed a police officer that he had left a friend's house on the east side of town and was on his way home.

[3] On June 30, 2017, the State charged Lawson with Level 5 felony operating a motor vehicle with driving privileges forfeited for life. Following a January 31, 2018, bench trial, the trial court found Lawson guilty as charged. The trial

---

[1] Ind. Code § 9-30-10-17(a)(1).

court sentenced Lawson to three years, with one year executed on home detention and two years suspended to probation. Lawson now appeals.

## Discussion and Decision

[4] Lawson's sole argument on appeal is that the evidence does not establish that he was operating the vehicle in which he was found. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[5] To convict Lawson of the charged offense, the State was required to prove beyond a reasonable doubt that he operated a motor vehicle after his driving privileges had been forfeited for life. I.C. § 9-30-10-17(a)(1). He only contests whether the evidence establishes that he was operating the vehicle.

[6] The record reveals that Lawson was found alone in a vehicle that was stopped in the middle of an Indianapolis roadway. He was in the driver's seat and the engine was running. He told responding officers that he was traveling from a friend's house on the other side of town to his own residence; at no point did he say that anyone else had ever been in the vehicle with him. This evidence readily supports the trial court's conclusion that Lawson was operating the vehicle.

[7] Lawson points to evidence in the record that raises a question as to whether the vehicle's engine was, indeed, running when officials responded to the scene. This, however, amounts to a request that we reweigh the evidence, which we decline to do.

[8] He also directs our attention to this Court's opinion in *Clark v. State*, 611 N.E.2d 181 (Ind. Ct. App. 1993), in support of his assertion that the evidence does not establish that he was operating the vehicle. In *Clark*, a law enforcement official discovered the defendant sleeping in a car at an apartment complex. *Id.* at 181. Clark was sitting in the driver's seat, the engine was running, the car lights were on, and the transmission was in park. The car was sitting in a parking spot with the front end sticking into the roadway going through the apartment complex. *Id.* This Court found that because Clark's vehicle "was parked in a parking space, however inartfully," there was no evidence to support a conclusion that he had been operating the car. *Id.* at 182.

[9] In this case, in contrast, Lawson's vehicle was stopped in the middle of the eastbound lane on 18th Street. The vehicle was "partially" in a nearby parking lot, "but mostly in the eastbound lane." Tr. Vol. II p. 14. We find these facts easily distinguishable from *Clark*, in which the vehicle was located in a parking lot and was mostly in a parking spot. In this case, the vehicle was stopped in the middle of an Indianapolis road, the engine was running, and Lawson, who was alone in the vehicle, was in the driver's seat and told officers he was on his way home from a friend's house. We find this evidence sufficient to support the conviction.

The judgment of the trial court is affirmed.

Bradford, J., and Brown, J., concur.